UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DEMETRIUS ALAN BAXTER,<br><br>Defendant. | CRIMINAL ACTION NO.<br>1:21-CR-00417-JPB-JSA |

# ORDER ADOPTING FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation ("R. & R.") [Doc. 43] and Demetrius Alan Baxter's ("Defendant") Objections to the R. & R. [Doc. 49]. This Court finds as follows:

## BACKGROUND

Defendant is charged with conspiracy to possess with the intent to distribute at least 400 grams of fentanyl and heroin and attempting to possess with the intent to distribute at least 400 grams of fentanyl and heroin. [Doc. 26]. The R. & R. sets forth the facts of this case in considerable detail. See [Doc. 43, pp. 2–8]. This Court incorporates those facts by reference here in addition to providing a brief summary of the facts most relevant to Defendant's Objections.

On September 29, 2021, Defendant was arrested after he opened a package that originally contained narcotics, which he received by controlled delivery. Id. at 2. Upon his arrest, Defendant's initial exchange with Task Force Officers Reynolds and Witkowski (the "Officers") was not recorded. Id. at 3. After the Officers brought Defendant into the back of a car, Officer Witkowski began recording their conversation with Defendant. Id. This recording was introduced into evidence at the evidentiary hearing. Id. at 4.

> As recounted in the R. & R., the following exchange took place:
>
> Witkowski began by noting the time (4:29 pm) and then Reynolds introduced herself, and said "I'm gonna read you something and then we can go from there, ok?" Reynolds then read standard Miranda warnings, apparently from a pre-printed card. After reading Defendant his rights, Reynolds asked him whether he understood those rights, and Defendant responded, "yes." Reynolds asked, "do you wish to talk to us at this time without a lawyer." Defendant responded, "Uh I don't have, uh, naw, I'd have to get a lawyer." Reynolds then clarified or repeated her question, by asking, "ok, but the question is… do … are you willing to talk to us without an attorney." Defendant replied, "uh, yes, I guess, yeah. Do I have to like, what do I have to say? Yes, I'm willing, I guess." Reynolds then stated, "just like what I read to you, if there is something you are not willing to answer, you don't have to answer."

Id. at 4 (citations omitted). Thereafter, Officer Reynolds asked Defendant various questions and Defendant answered. Id. at 5. ICE Special Agents subsequently searched Defendant's apartment. Id. at 7.

2

Defendant filed two motions to suppress related to his arrest. In one motion, Defendant moved to suppress evidence obtained pursuant to a warrantless residential search. [Doc. 28]. In the other motion, Defendant moved to suppress statements that he made to the police. [Doc. 29]. The Magistrate Judge held an evidentiary hearing and, after full consideration, recommended granting Defendant's Motion to Suppress Evidence from the search of his apartment. See [Doc. 43]. The Magistrate Judge further recommended granting in limited part Defendant's Motion to Suppress Statements as to any pre-Miranda questioning, but otherwise recommended denying Defendant's Motion to Suppress Statements. See id. Defendant's Objections specifically pertain to the R. & R.'s recommendation to partially deny Defendant's Motion to Suppress Statements. See [Doc. 49].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R. & R. that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings

objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## ANALYSIS

The R. & R. recommended that Defendant's Motion to Suppress Statements be granted in limited part as to any pre-Miranda questioning.  [Doc. 43, p. 23]. Defendant objects to the R. & R.'s recommendation to otherwise deny Defendant's Motion to Suppress Statements as it pertains to statements that he made *after* Officer Reynolds read Defendant his Miranda rights.  See [Doc. 49].  Specifically, Defendant asserts that the Magistrate Judge erred in finding that Defendant did not clearly invoke his right to counsel when he stated either "I have to get a lawyer" or "I'd have to get a lawyer" after Officer Reynolds asked Defendant if he would speak to law enforcement without having an attorney present.[1]  Id.  Defendant

---

[1]  The R. & R. noted, and this Court agrees, that although the parties dispute whether Defendant stated, "I have to get a lawyer" or "I'd have to get a lawyer," the outcome of the motions to suppress does not turn on that difference.  See [Doc. 43, p. 4 n. 2].

disagrees with the R. & R.'s finding that his statement was a "non-sequitur response" to the officer's question, and instead argues that it was an unambiguous invocation of Defendant's right to counsel.  Id.

As noted in the R. & R., in Miranda v. Arizona, the Supreme Court of the United States held that a suspect who is in custody must be advised of his right to remain silent and of his right to the assistance of counsel prior to any interrogation by law enforcement.  384 U.S. 436 (1966).  A waiver of rights under Miranda "must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it."  Moran v. Burbine, 475 U.S. 412, 421 (1986).  As such, a court may properly conclude that Miranda rights have been waived "[o]nly if the 'totality of the circumstances surrounding the interrogation' reveal[s] both an uncoerced choice and the requisite level of comprehension."  Id.  As relevant here, the police must terminate the interrogation if an arrestee invokes his Miranda right to counsel.  Davis v. United States, 512 U.S. 452, 458 (1992).  However, such invocation must be unequivocal and unambiguous to be effective, and officers are not required to cease interrogation simply because the suspect *might* be invoking the right to counsel.  Id. at 459.

Here, the record reflects that when Officer Reynolds asked Defendant if he would speak to law enforcement without having an attorney present, Defendant stated, "Uh I don't have, uh, naw, I'd have to get a lawyer."  [Doc. 43, p. 4]. Although Defendant's response can be interpreted to mean that he did not have a lawyer at that time, it was not a direct response to Officer Reynold's question, nor was it a clear invocation of his right to an attorney.  Furthermore, before proceeding with questioning, Officer Reynolds clarified her question by asking, "ok, but the question is… do … are you willing to talk to us without an attorney." Id.  Defendant replied, "uh, yes, I guess, yeah.  Do I have to like, what do I have to say?  Yes, I'm willing, I guess."  Based on this exchange, the totality of the circumstances leads this Court to find that Defendant did not unambiguously invoke his right to counsel.  Rather, the record reflects that Defendant waived his right to counsel once Officer Reynolds clarified that she was asking whether Defendant was willing to talk to the Officers without an attorney.

Therefore, this Court agrees that, after Officer Reynolds asked Defendant if he would speak to law enforcement without having an attorney present, Defendant's response was not an unambiguous invocation of his right to counsel. To the extent that Defendant objects to the R. & R.'s conclusion that Defendant did

not unambiguously invoke his right to an attorney, Defendant's objection is **OVERRULED**.

## CONCLUSION

The Court has carefully reviewed the R. & R. and Defendant's Objections thereto. The Court finds that the Magistrate Judge's factual and legal conclusions are correct, and therefore Defendant's objections are **OVERRULED**. Accordingly, the Court **APPROVES AND ADOPTS** the R. & R. [Doc. 43] as the judgment of the Court. For the reasons stated in the Magistrate Judge's R. & R., Defendant's Motion to Suppress Evidence [Doc. 28] is **GRANTED**; and Defendant's Motion to Suppress Statements [Doc. 29] is **GRANTED** in limited part as to any pre-<u>Miranda</u> questioning but is otherwise **DENIED**.

**SO ORDERED** this 30th day of May, 2023.

_____
J. P. BOULEE
United States District Judge